IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RICKY COLEMAN and LAURA      *
COLEMAN,                     *
                             *
     Plaintiffs,             *
                             *
     v.                      *          CV 323-085
                             *
STATE FARM FIRE & CASUALTY   *
COMPANY,                     *
                             *
     Defendant.              *

---

**O R D E R**

---

     Both parties in the captioned case have filed motions in limine and their respective responsive briefs.  Certain aspects of the motions in limine are prophylactic in nature.  The Court expects counsel for the parties to abide by the Rules of Evidence and the Rules of Civil Procedure in their presentations of argument and evidence to the jury.  With this observation and admonition, the Court will address the motions below.


**Defendant's Motion in Limine**

     1. Evidence of insurance premiums and policy limits.

     Defendant specifically moves to exclude evidence or argument of Plaintiffs' payment of insurance premiums and of the amount of insurance coverage available to Plaintiffs.  Defendant reasons

that there is no dispute that the subject Policy was in full force and effect at the time of the fire; thus, the payment of premiums and the amount of coverage are irrelevant.

Plaintiffs oppose the motion, arguing that the terms of the policy are relevant to the issues in the case. Defendant, however, is not seeking to exclude the "terms" of the Policy. Thus, Plaintiffs will be able to introduce evidence of contractual provisions that are relevant to their claims of breach.

Given the positions of the parties, there is no dispute here. Defendant's motion to exclude evidence or argument concerning the limited topics of premiums and coverage amounts is **GRANTED**. Provided however, that should Defendant inject any issue of coverage or premium into the trial, Plaintiffs shall be under no such restriction.

2. State Farm's financial circumstances.

Noting that Plaintiffs do not oppose the motion, Defendant's motion to exclude the financial circumstance of State Farm is **GRANTED**.

3. Plaintiffs' financial circumstances.

Defendant seeks to exclude evidence pertaining to Plaintiffs' financial circumstances. Plaintiffs contend that their dire financial circumstances led them to settle their claim under

2

Coverage C of the Policy – the Loss of Use Coverage. Even if Plaintiffs' contention is true, the reason they settled their Coverage C is not relevant to State Farm's alleged failure to pay under Coverages A and B of the Policy. Accordingly, Defendant's motion in limine to exclude evidence of Plaintiffs' financial circumstances is **GRANTED**.

4. Comments or argument that the jury should "Send a Message."

Noting that Plaintiffs do not oppose the motion, Defendant's motion to prohibit a "Send a Message" argument to the jury is **GRANTED**. This ruling does not address, affect, or apply to Plaintiffs' presentation of their bad faith claim based upon evidence related to their relationship with State Farm.

5. Comments or argument that the jurors should put themselves in Plaintiffs' place.

Noting that Plaintiffs do not oppose the motion, Defendant's motion to exclude comments or argument that the jurors should put themselves in Plaintiffs' place is **GRANTED**.

6. Expression of Personal Belief in Veracity of Any Party or Witness

Noting that Plaintiffs do not oppose the motion, Defendant's motion to exclude bolstering testimony of parties or witnesses is **GRANTED**.

3

7. Evidence Concerning Coverage C Claim.

Defendant seeks to exclude any evidence concerning Coverage C of the subject insurance policy, which covers "additional living expenses." The parties resolved Plaintiffs' claim under Coverage C after the lawsuit was filed, though Plaintiffs maintain that they did so under financial distress. Plaintiffs further maintain that Defendant's failure to pay the Coverage C amount over 60 days after demand and nearly a year after the fire is relevant to their claim of bad faith in State Farm's overall handling of their case. That is, State Farm's failure to make timely payment on Coverage C is probative of Plaintiffs' claim that State Farm acted in bad faith in failing to pay on Coverages A and B.

While the Court has held that evidence of Plaintiffs' financial circumstances is of itself inadmissible, it will **DEFER** ruling on evidence pertaining to the process by which all of Plaintiffs' claims were handled by State Farm (Coverage C included) because such evidence may well have a bearing upon Plaintiffs' bad faith penalties claim.[1]

---

[1] For administrative purposes, the Clerk shall terminate Defendant's motion in limine (doc. no. 49) as **GRANTED IN PART and DEFERRED IN PART**.

**Plaintiffs' Motion in Limine**

Similar to the defense motion, Plaintiffs seek to exclude testimony or comment of any witness, expert or otherwise, related to the veracity or credibility of another witness. Defendant does not oppose the motion; the motion (doc. no. 50) is therefore **GRANTED**. Neither party may elicit a witness's opinion about the veracity or credibility of another witness.

**ORDER ENTERED** at Augusta, Georgia, this 20ᵗʰ day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE